```
                                    RECEIVED
___ ENTERED              ___ SERVED ON
          COUNSEL/PARTIES OF RECORD

              SEP 23, 2021

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ABRAMOVS,<br><br>Defendant. | 2:21-CR-027-RFB-DJA<br><br>**Preliminary Order of Forfeiture** |

This Court finds Jorge Abramovs pled guilty to Counts One through Three of a Three-Count Criminal Information charging him in Count One with bank fraud in violation of 18 U.S.C. § 1344(2), in Count Two with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957; and in Count Three with failure to account for and pay over withholding and F.I.C.A. taxes in violation of 26 U.S.C. § 7202. Criminal Information, ECF No. 46; Arraignment & Plea, ECF No. 49; Plea Agreement, ECF No. 48.

This Court finds Jorge Abramovs agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgments set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 46; Arraignment & Plea, ECF No. 49; Plea Agreement, ECF No. 48.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and Counts One and Two, to which Jorge Abramovs pled guilty.

The following property and money judgments are (1) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or any

property traceable to such property; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344 or any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1344 or 18 U.S.C. § 1957, specified unlawful activities as defined in 18 U.S.C §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses; (3) any property, real or personal, involved in violations of 18 U.S.C. § 1957, or any property traceable to such property; and (4) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1344, affecting a financial institution, or a conspiracy to violate such offense and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p):

1. $257,089.54;
2. $799.22;
3. a 2021 BMW M850i xDrive Gran Coupe, white in color, with VIN WBAGV8C07MCF00249, bearing Nevada license plate 653M21;
4. real property located at 3726 South Las Vegas Boulevard, Unit 509, Las Vegas, Nevada; and

MORE PARTICULARLY DESCRIBED AS:

PARCEL 1:

UNIT 509 IN BUILDING WEST IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL 2:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THERETO), AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL 3:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS 1 AND 2 IN THE DECLARATION AND AS SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION  OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579 OF OFFICIAL RECORDS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-020.

5. real property located at 3726 South Las Vegas Boulevard, Unit 1803, Las Vegas, Clark County, Nevada, APN 162-20-714-153:

MORE PARTICULARLY DESCRIBED AS:

PARCEL I:

UNIT ONE THOUSAND EIGHT HUNDRED THREE (1803) IN BUILDING "W" IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 (THE "MAP") AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND

3

RESERVATION OF EASEMENTS FOR VEER TOWERS (THE "DECLARATION"), RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA (THE "OFFICIAL RECORDS").

PARCEL II:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THEREOF) AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL III:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION AND AD SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL IV:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 7, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 3, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-153.

(all of which constitutes property)

and in personam criminal forfeiture money judgments of $1,986,737.46 and $403,906.29, the collected money judgment amount is not to exceed $1,986,737.46, and that the property will be applied toward the payment of the money judgments.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgments comply with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Jorge Abramovs in personam criminal forfeiture money judgments of $1,986,737.46 and $403,906.29.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Jorge Abramovs in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>     Daniel D. Hollingsworth
>     Assistant United States Attorney
>     James A. Blum
>     Assistant United States Attorney
>     501 Las Vegas Boulevard South, Suite 1100
>     Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED  September 23       , 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE