CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
james.blum@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-027-RFB-DJA |
| Plaintiff, | **United States of America's Unopposed Motion for an Interlocutory Order of Sale of 2021 BMW M850i xDrive Gran Coupe, white in color, with vehicle identification number WBAGV8C07MCF00249, bearing Nevada license plate 653M21** |
| v. | |
| JORGE ABRAMOVS, | |
| Defendant. | |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**

The United States of America (United States) respectfully moves this Court for an Order for an interlocutory judicial sale of the 2021 BMW M850i xDrive Gran Coupe, white in color, held in the name of Jorge Abramovs (Abramovs), with vehicle identification number WBAGV8C07MCF00249, bearing Nevada license plate 653M21 (2021 BMW) listed in the Bill of Particulars, ECF No. 30, authorizing the United States Marshals Service (USMS) to sell the 2021 BMW.

The grounds for granting the Order for an Interlocutory Sale of the 2021 BMW are as follows. First, the 2021 BMW continues to deteriorate pending the trial of Abramovs. Second, the value of the 2021 BMW continues to depreciate. Third, the storage costs and other maintenance costs of the 2021 BMW will continue to accrue against its value. Fourth, the sooner the 2021 BMW is sold, the more net sale proceeds will exist. Fifth, this Court is authorized to approve interlocutory sales. Sixth, Abramovs, through his counsel, has agreed to the interlocutory sale.

This Motion is made and is based on the papers and pleadings on file herein and this Memorandum of Points and Authorities.

## I. PROCEDURAL HISTORY

1. On January 27, 2021, the grand jury returned an 11-Count Criminal Indictment charging Abramovs in Counts 1-5 with bank fraud in violation of 18 U.S.C. § 1344, in Count 6 with false statement to a financial institution in violation of 18 U.S.C. § 1014, and in Counts 7-11 with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Criminal Indictment, ECF No. 16.

2. Abramovs is currently scheduled to go to trial on December 13, 2021, with calendar call scheduled for December 7, 2021, ECF No. 36.

## II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule [(Supp. R.)] G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supp. R. G(7)(b) (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supp. R. G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, at *2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, at *2 (S.D. Cal. Mar. 16, 2015) (explaining the same).

Five reasons for the interlocutory sale apply in this case regarding the 2021 BMW: (1) it will deteriorate while the criminal prosecution and forfeiture processes are completed;

(2) the storage and maintenance fees will continue to accrue; (3) the value of the vehicle depreciates over time; (4) the sooner the vehicle is sold, more net sale proceeds will be available; and (5) the defendant has agreed to the interlocutory sale. Supp. R. G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir.1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supp. R. G(7)(b)(ii). In this case, the USMS will sell the property as "governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supp. R. G(7)(b)(iii).

In *United States v. Guzman*, No. 3:08-CR-23-2, 2013 WL 12228400 (M.D. Tenn. Oct. 7, 2013), the district court found and held:

> The Government has presented evidence suggesting that the value of the [property] continues to decrease with time and, as of last month, was approximately $16,500.00 less than the amount the Government had paid for storage and maintenance up to that point. Thus, the Court finds that the expense of keeping the [property] is both excessive and disproportionate to its fair market value. Given the apparent continued depreciation in value and rising cost of maintaining the [property], the Court finds an interlocutory sale is the best way to preserve its remaining value.

> *Id.* at *2 (brackets added); *see United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, at *1 (D. Md. Dec. 8, 2011).

Without the interlocutory sale, the property cannot be sold until the court enters the Final Order of Forfeiture. 21 U.S.C. § 853(h); Fed. R. Crim. P. 32.2(b)(4). If the government waits for the Final Order of Forfeiture, the value of the vehicle will have deteriorated and depreciated even further, and the storage and maintenance fees will continue to accrue.

"The sale proceeds are substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supp. R. G(7)(b)(iv); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, at *4 (S.D.N.Y. Nov. 12, 2010).

/ / /

3

After paying the costs and expenses to sell the vehicle and the storage and maintenance fees are subtracted, the net sale proceeds will be substituted in lieu of the 2021 BMW. *See United States v. Plunk*, 511 F.3d 918, 922-23 (9th Cir. 2007) (explaining that the value of the property is the value when the property is sold); *United States v. Marshall*, 338 F.3d 990, 993-94 (9th Cir. 2003) (noting that the property's valuation date is the date related to net sale proceeds); *see also* 21 U.S.C. § 853(g) ("Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties."); 21 U.S.C. §853(j); 19 U.S.C. § 1609(a) (stating that after deducting expenses, the proceeds of sale is the value of the asset for depositing); 19 U.S.C. § 1611 (stating that the sale proceeds must cover costs or the asset should be destroyed); 19 U.S.C. § 1613(a) and (b) (stating that sale proceeds are reduced by payment of all property expenses of the proceedings of forfeiture and sale, including expenses of seizures, maintaining the custody of the property, advertising and sale, and any additional costs taxed by the court).

Abramovs has agreed through his counsel, Margaret W. Lambrose, to the interlocutory sale of the property. The United States requests that the Court allow Abramovs and the government to sell the property through USMS at a public auction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.  CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court order the sale of the property described herein on the terms and conditions set forth above.

DATED: November 10, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/  *James A. Blum*
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED:   November 10, 2021