CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
james.blum@usdoj.gov
Attorneys for the United States

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JORGE ABRAMOVS,<br><br>    Defendant. | 2:21-CR-027-RFB-DJA<br><br>**United States of America's Unopposed Motion for an Interlocutory Order of Sale of 3726 South Las Vegas Boulevard, Units 509 and 1803, Las Vegas, Nevada** |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**

The United States of America (United States) respectfully moves this Court for an Order for an interlocutory private judicial sale of the following real properties for the reasons set forth herein:

1. real property located at 3726 South Las Vegas Boulevard, Unit 509, Las Vegas, Clark County, Nevada, APN 162-20-714-020; and

MORE PARTICULARLY DESCRIBED AS:

PARCEL 1:

UNIT 509 IN BUILDING WEST IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL 2:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY

ANNEXATIONS THERETO), AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL 3:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS 1 AND 2 IN THE DECLARATION AND AS SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579 OF OFFICIAL RECORDS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-020.

2. real property located at 3726 South Las Vegas Boulevard, Unit 1803, Las Vegas, Clark County, Nevada, APN 162-20-714-153:

MORE PARTICULARLY DESCRIBED AS:

PARCEL I:

UNIT ONE THOUSAND EIGHT HUNDRED THREE (1803) IN BUILDING "W" IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 (THE "MAP") AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER

TOWERS (THE "DECLARATION"), RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA (THE "OFFICIAL RECORDS").

PARCEL II:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THEREOF)AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL III:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION AND AD SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL IV:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 7, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 3, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-153.

(all of which constitutes Veer Condos).

/ / /

The grounds for granting the Order for an Interlocutory Sale of the Veer Condos are as follows. First, the Veer Condos are subject to taxes and fees, and the granting of an interlocutory sale will stop the accruing of taxes and fees against their value. Second, granting an interlocutory sale will avoid accidents and liability accruing against the Veer Condos. Third, this Court is authorized to approve interlocutory sales. Fourth, Jorge Abramovs, through his counsel, has agreed to the interlocutory sale.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize Doug Sawyer to sell the Veer Condos through one of the Court's approved methods.

This Motion is made and is based on the papers and pleadings on file herein and this Memorandum of Points and Authorities.

## I. PROCEDURAL HISTORY

1. On January 27, 2021, the grand jury returned an 11-Count Criminal Indictment charging Jorge Abramovs (Abramovs) in Counts 1-5 with bank fraud in violation of 18 U.S.C. § 1344, in Count 6 with false statement to a financial institution in violation of 18 U.S.C. § 1014, and in Counts 7-11 with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Criminal Indictment, ECF No. 16.

2. Abramovs is currently scheduled to go to trial on December 13, 2021, with calendar call scheduled for December 7, 2021, ECF No. 36.

## II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule [(Supp. R.)] G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a

/ / /

mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supp. R. G(7)(b) (paragraphs omitted).

Only one of the grounds for interlocutory sale is required since Supp. R. G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, at *2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, at *2 (S.D. Cal. Mar. 16, 2015) (explaining the same).

The following reasons for the interlocutory sale apply in this case regarding the property: (1) the Veer Condos are subject to the continuing expense of accruing taxes and fees; (2) the properties' value is better protected by stopping the accrual of taxes and fees; (3) the sale of the properties avoids the potential for accidents and liability; and (4) the defendant has agreed to the interlocutory sale. Supp. R. G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir. 1997). In *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, at *2 (S.D.N.Y. Sept. 7, 2012), the court granted the interlocutory sale because the property had "[m]ore than $40,437.55 in taxes… currently due… raising the risk that the County may move to impose a lien and thereby diminish the property's value to the Government should this forfeiture action succeed." *Id.* at *2.

The accruing taxes and fees are decreasing the properties' equity. For example, as of May 13, 2021, taxes are now due on Unit 1803 in the amount of $2,041.17. *See* Ex. 1. As more time passes, the amount of delinquent taxes will likely increase for both units. In *United States v. Fisch*, No. H-11-722, 2016 WL 4702588, at *2 (S.D. Tex. Sep. 8, 2016), the interlocutory sale was granted due to the accumulation of past due taxes. In *Fisch* the property was substitute property and was divisible with the defendant's wife. *Id*. Here the

/ / /

properties were purchased with illegal proceeds, and the whole amount is subject to forfeiture after any liens and fees are paid.

If an accident occurred on the properties, that would rapidly decrease the properties' equity. The government seeks to preserve as much of the equity as possible for the forfeiture proceedings. *See United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, at *1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes").

The sale proceeds of the properties will be the "substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supp. R. G(7)(b)(iv); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, at *4 (S.D.N.Y. Nov. 12, 2010).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supp. R. G(7)(b)(ii). The government recommends that this Court designate Doug Sawyer to sell the Veer Condos pursuant to "28 U.S.C. §§ 2001, 2002, and 2004." Supp. R. G(7)(b)(iii). The government believes that the listing of real property in the multiple listing service and approximately 50 of the other major internet websites for real property meets the requirements of 28 U.S.C. §§ 2001, 2002, and 2004.

Abramovs has agreed through his counsel, Margaret W. Lambrose, to the interlocutory sale of the properties. The United States requests that the Court allow Abramovs and the government to sell the properties to a third party through Doug Sawyer in an arm's length transaction.

### III. JUDICIAL SALES PROCEDURE

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 and 2002. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for

cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

By this Motion, the United States is requesting authorization to proceed with a private sale of the above-listed properties. Based upon the reasons set forth herein, the United States believes that a prompt sale of the properties by Abramovs and the United States, followed promptly by releasing the proceeds to the United States affords the best protection to all concerned. The United States believes that a private sale versus a public sale will allow Abramovs and the United States the discretion to sell the properties in the most commercially feasible manner.

As required by section 2001(b), notice of the Government's Motion must be given by publication or otherwise as this Court directs. The government takes the position that placing the real properties in a multiple listing site through Doug Sawyer, a local real estate agent, will meet this requirement.

Pursuant to section 2001(b), three disinterested persons must appraise the properties. To meet that requirement, the United States has obtained the following neutral appraisal estimates:

1. Zillow.com for $361,500 for Unit 509 and $519,900 for Unit 1803, as of September 16, 2021;
2. Trulia.com for $361,500 for Unit 509, as of September 16, 2021, and $448,161 for Unit 1803, as of April 14, 2021[1]; and
3. Redfin.com for $294,532 for Unit 509 and $452,806 for Unit 1803, as of September 16, 2021.

/ / /

/ / /

/ / /

---

[1] The Trulia.com appraisal estimate for Unit 1803 reflects an earlier appraisal date because that service has not updated its value as recently as the others listed.

## IV. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court order the sale of the properties described herein on the terms and conditions set forth above.

DATED: November 10, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/  *James A. Blum*
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED: November 10, 2021