1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  Nevada Bar No. 14853
   JAMES A. BLUM
3  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   (702) 388-6336
5  james.blum@usdoj.gov
   Attorneys for the United States
6

7              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
8

9  UNITED STATES OF AMERICA,          | 2:21-CR-027-RFB-DJA

10             Plaintiff,             | **Stipulation for Payment of Taxes to the**
                                      | **Clark County Treasurer from Sale of**
11      v.                            | **Property**

12 JORGE ABRAMOVS,

13             Defendant,

14 CLARK COUNTY TREASURER,

15             Interested Party.

16       The United States of America and the Clark County Treasurer, and its counsel, Lisa

17 Logsdon, agree as follows:

18       1.       The government filed a Three-Count Criminal Information against Jorge

19 Abramovs for violations of 18 U.S.C. §§ 1344(2) and 1957 and 26 U.S.C. § 7202. Criminal

20 Information, ECF No. 46.

21       2.       Jorge Abramovs pled guilty to Counts One through Three of Three-Count

22 Criminal Information charging him in Count One with bank fraud in violation of 18 U.S.C.

23 § 1344(2), in Count Two with monetary transactions in criminally derived property in

24 violation of 18 U.S.C. § 1957; and in Count Three with failure to account for and pay over

25 withholding and F.I.C.A. taxes in violation of 26 U.S.C. § 7202, and agreed to the forfeiture

26 of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal

27 Information. Criminal Information, ECF No. 46; Plea Agreement, ECF No. 48;

28 Arraignment & Plea, ECF No. 49.

1

3.      The Clark County Treasurer knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following portion of the total property forfeitable in this matter, which are the only portions of the total property in which it claims an interest:

      a.  real property located at 3726 South Las Vegas Boulevard, Unit 509, Las Vegas, Nevada (UNIT 509); and

MORE PARTICULARLY DESCRIBED AS:

PARCEL 1:

UNIT 509 IN BUILDING WEST IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL 2:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THERETO), AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL 3:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS 1 AND 2 IN THE DECLARATION AND AS SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRMENT NO.

0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579 OF OFFICIAL RECORDS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-020.

      b.  real property located at 3726 South Las Vegas Boulevard, Unit 1803, Las Vegas, Clark County, (UNIT 1803):

MORE PARTICULARLY DESCRIBED AS:

PARCEL I:

UNIT ONE THOUSAND EIGHT HUNDRED THREE (1803) IN BUILDING "W" IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 (THE "MAP") AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS (THE "DECLARATION"), RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA (THE "OFFICIAL RECORDS").

PARCEL II:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THEREOF)AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL III:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION AND AD SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

/ / /

PARCEL IV:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 7, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 3, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-153.

(all of which constitutes property).

4.     The Clark County Treasurer knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5.     The Clark County Treasurer knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6.     The Clark County Treasurer knowingly and voluntarily agrees to waive its right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

7.     The Clark County Treasurer knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8.      The Clark County Treasurer knowingly and voluntarily agrees to waive any further notice to its agents, or its attorneys regarding the forfeiture and disposition of the property.

9.      The Clark County Treasurer knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10.     The Clark County Treasurer knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

11.     The Clark County Treasurer knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the property.

12.     The Clark County Treasurer knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

13.     The Clark County Treasurer knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

14.     The Clark County Treasurer understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

15.     The Clark County Treasurer knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Payment of Taxes to the Clark County Treasurer from Sale of Property (Stipulation).

16.     The Clark County Treasurer knowingly and voluntarily agrees to the extent expressly permitted by Nevada law to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the

1  United States Federal Bureau of Investigation, their agencies, their agents, and their

2  employees from any claim made by it or any third party arising from the facts and

3  circumstances of this case.

4        17.     The Clark County Treasurer knowingly and voluntarily releases and forever

5  discharges the United States, the United States Department of Justice, the United States

6  Attorney's Office for the District of Nevada, the United States Federal Bureau of

7  Investigation, their agencies, their agents, and their employees from any and all claims,

8  rights, or causes of action of any kind that the Clark County Treasurer now has or may

9  hereafter have on account of, or in any way growing out of, the seizures and the forfeitures

10  of the property in the abandonment, the civil administrative forfeitures, the civil judicial

11  forfeitures, and the criminal forfeitures.

12        18.     Each party acknowledges and warrants that its execution of the Stipulation is

13  free and is voluntary.

14        19.     This Stipulation contains the entire agreement between the parties.

15        20.     Except as expressly stated in the Stipulation, no party, officer, agent,

16  employee, representative, or attorney has made any statement or representation to any other

17  party, person, or entity regarding any fact relied upon in entering into the Stipulation, and

18  no party, officer, agent, employee, representative, or attorney relies on such statement or

19  representation in executing the Stipulation.

20        21.     The property is subject to an Order of Interlocutory Sale, ECF No. 56. After

21  the United States District Court has signed and entered this Stipulation, if the property is

22  sold as part of the Court-ordered interlocutory-sale process, the Clark County Treasurer

23  knowingly and voluntarily agrees to accept $3,073.75 for UNIT 509 and the $5,207.20 for

24  UNIT 1803, through the escrow process, in full satisfaction of its claims against the

25  property. In such a case, the United States knowingly and voluntarily agrees to assent to

26  those amounts being paid out of escrow as part of the interlocutory-sale process. The United

27  States will pay no attorney's fees.

28  / / /

22. If the property is not sold through the interlocutory-sale process, the terms of this paragraph shall apply. After the United States District Court has signed and entered the Final Order of Forfeiture and this Stipulation concerning the real property, and after the forfeited property is sold, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees that the Clark County Treasurer will receive payment from the sale proceeds of the real property. When the conditions in this paragraph are met and the real property is sold, the United States will transfer the $3,073.75 for UNIT 509 and the $5,207.20 for UNIT 1803 to the Clark County Treasurer. The United States will pay no attorney's fees.

23. If only one of the UNITs is sold through the interlocutory-sale process, then both of the preceding two paragraphs shall apply where applicable. Specifically, Paragraph 21 shall apply to the UNIT sold through the interlocutory-sale process and Paragraph 22 shall apply to the UNIT not sold through that alternate-sale process.

24. If, for any reason, the total to be paid out pursuant to Paragraph 21 or 22 equals or exceeds the fair market values of the real property, this Settlement Agreement shall be null and void, and the United States may allow the Clark County Treasurer to hold a tax sale for the real property.

25. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

26. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

27. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

28. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by

/ / /

1  counsel for one of the parties; it being recognized that both parties have contributed

2  substantially and materially to the preparation of this Stipulation.

3          IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

4  reasonable cause for the seizure and forfeiture of the property.

7                                                    CHRISTOPHER CHIOU
                                                     Acting United States Attorney

9                                                    JAMES BLUM   Digitally signed by JAMES BLUM
                                                                  Date: 2021.12.06 09:32:12 -08'00'

10 LISA LOGSDON                                       JAMES A. BLUM
   Counsel for Clark County Treasurer                 Assistant United States Attorney

11 DATED: 12/6/21                                      DATED: 12/06/2021

14                                                    IT IS SO ORDERED:

17

18                                                    RICHARD F. BOULWARE, II
                                                      UNITED STATES DISTRICT JUDGE

19                                                    DATED: ___March 2, 2022___

8