# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JORGE ABRAMOVS, | ) | Case Number: 2:21-cr-00027-RFB-DJA |
| | ) | USM Number: * 16438-359 |
| **Date of Original Judgment:** 11/18/2022 | ) | MARGARET LAMBROSE, AFPD |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  One, two and Three of the Criminal Information filed 9/23/2021.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1344(2) | Bank Fraud | 6/1/2020 | 1s |
| 18 U.S.C. § 1957 | Monetary transactions in Criminally Derived Property | 6/9/2020 | 2s |
| 26 U.S.C. § 7202 | Failure to Account for and Pay Over F.I.C.A Taxes | 6/30/2019 | 3s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  Any remaining   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/4/2023
Date of Imposition of Judgment

Signature of Judge

RICHARD F. BOULWARE, II         U.S. District Judge
Name and Title of Judge

1/4/2023
Date

* Amended for USM number only.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Case 2:21-cr-00027-RFB-DJA   Document 131   Filed 01/04/23   Page 2 of 17
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 7

DEFENDANT: JORGE ABRAMOVS,
CASE NUMBER: 2:21-cr-00027-RFB-DJA

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
Sixty months incarceration as to Counts One, Two and Three, to run concurrently to one another.

☑ The court makes the following recommendations to the Bureau of Prisons:
 That the defendant be designated to the facility at: 1) Safford; AZ, Seagoville, TX or; Englewood, CO.
 Further, that the defendant be permitted to participate in the RDAP program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:21-cr-00027-RFB-DJA   Document 131   Filed 01/04/23   Page 3 of 17
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 3 of 7

DEFENDANT: JORGE ABRAMOVS,
CASE NUMBER: 2:21-cr-00027-RFB-DJA

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Three years as to Counts One, Two and Three, to run concurrently to one another.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JORGE ABRAMOVS,
CASE NUMBER: 2:21-cr-00027-RFB-DJA

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.~~
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____     Date _____

DEFENDANT: JORGE ABRAMOVS
CASE NUMBER: 2:21-cr-00027-RFB-DJA

# SPECIAL CONDITIONS OF SUPERVISION

1. **Mental Health Treatment** – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You will receive a specific mental health assessment for an individualized and group treatment and that that be provided to the Court at the status check to be scheduled upon your release from BOP custody.

2. **Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. **Debt Obligations** – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

5. **Computer Search** – You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. **Community Service** - You must complete community service 1,000 hours during your 1095 days of supervision. The probation officer will supervise the participation in the community service program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed community service hours to the probation officer.

7. **Home Confinement with Location Monitoring** – You will be monitored by the form of location monitoring technology indicated below for a period of the first 365 days of supervision, and you must follow the rules and regulations of the location monitoring program.
   7A. **Home Detention** -This form of location monitoring technology will be used to monitor the following restriction on your movement in the community. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.
   7B. **GPS Monitoring** (including hybrid GPS).

8. **Status Check** - You must appear before this Court within 45 days to review the conditions of supervision.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:21-cr-00027-RFB-DJA   Document 131   Filed 01/04/23   Page 6 of 17

Judgment — Page 6 of 7

DEFENDANT: JORGE ABRAMOVS,
CASE NUMBER: 2:21-cr-00027-RFB-DJA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 2,508,831.74 | $ 0.00 [waived] | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Restitution List - attached | | $2,508,831.74 | |
| **TOTALS** | $ 0.00 | $ 2,508,831.74 | |

☑ Restitution amount ordered pursuant to plea agreement  $ 2,508,831.74

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JORGE ABRAMOVS,
CASE NUMBER: 2:21-cr-00027-RFB-DJA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 2,509,131.74 due immediately, balance due

☐ not later than _____, or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See Final Order of Forfeiture (attached).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## UNITED STATES v. JORGE ABRAMOVS
### 2:21-CR-00027-RFB-DJA

### Restitution List
(Redacted for Public Filing)

**Washington Federal Bank, National Association**          $398,552.26

Reference:

Court Ordered Restitution
District of Nevada Case No. 2:21-cr-00027-RFB-DJA (*United States v. Jorge Abramovs*)
SBA Loan Numbers:
    2951627901
    7817407809


**U.S. Small Business Administration**          $1,539,379.55
SBA/DFC
721 19th Street
3rd Floor, Room 301
Denver, CO 80202

Reference:

Court Ordered Restitution
District of Nevada Case No. 2:21-cr-00027-RFB-DJA (*United States v. Jorge Abramovs*)
SBA Loan Numbers:

    7846867806
    4842517402
    6728897809
    6868267309
    3988487807
    6997057410
    8658627300
    6217067206
    2951627901
    7817407809
    1659287806
    2373117800

| | |
|---|---:|
| **IRS – RACS** | **$570,899.93** |

Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

<u>Reference</u>:
Jorge Abramovs
SSN: ▮▮▮▮▮
District of Nevada Case No. 2:21-cr-00027-RFB-DJA
Tax years 2014 through 2019
Payment is being submitted pursuant to the District Court's restitution order.

| | |
|---|---:|
| **TOTAL RESTITUTION** | **$ 2,508,831.74** |

FILED     RECEIVED
          SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 18, 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                 DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-027-RFB-DJA |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| JORGE ABRAMOVS, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p) based upon the plea of guilty by Jorge Abramovs to the criminal offenses, forfeiting the property and imposing an in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and shown by the United States to have the requisite nexus to the offenses to which Jorge Abramovs pled guilty. Criminal Information, ECF No. 46; Plea Agreement, ECF No. 48; Arraignment & Plea, ECF No. 49; Preliminary Order of Forfeiture, ECF No. 50.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amounts of $1,986,737.46 and $403,906.29 comply with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) and *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 29, 2021, through October 28, 2021, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 51-1, p. 5.

This Court finds the United States notified known third parties by personal service of their right to petition the Court. Notice of Filing Service of Process – Personal Service, ECF No. 52.

On October 25, 2021, the United States Marshals Service personally served John Entsminger, General Manager, Southern Nevada Water Authority, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 3, 22-34.

On October 25, 2021, the United States Marshals Service personally served John Entsminger, General Manager, Las Vegas Valley Water District, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 4, 22-34.

On October 25, 2021, the United States Marshals Service personally served Justin Jones, Commissioner, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 5, 22-34.

On October 25, 2021, the United States Marshals Service personally served Laura B. Fitzpatrick, Clark County Treasurer, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 6, 22-34.

On October 25, 2021, the United States Marshals Service personally served Marilyn Kirkpatrick, President, Las Vegas Valley Water District, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 7, 22-34.

/ / /

2

On October 25, 2021, the United States Marshals Service personally served Gregory J. Walch, General Counsel, Las Vegas Valley Water District, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 8, 22-34.

On October 25, 2021, the United States Marshals Service personally served Gregory J. Walch, General Counsel, Southern Nevada Water Authority, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 9, 22-34.

On October 25, 2021, the United States Marshals Service personally served Steve B. Wolfson, Clark County District Attorney, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 10, 22-34.

On October 25, 2021, the United States Marshals Service personally served Paolo Triamani, Director, Veer Towers Unit Owners Association, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 11, 22-34.

On October 25, 2021, the United States Marshals Service personally served Associa Nevada South, Registered Agent, Veer Towers Unit Owners Association, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 12, 22-34.

On October 25, 2021, the United States Marshals Service personally served Nickolas Jensen, Secretary, Veer Towers Unit Owners Association, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 13, 22-34.

On October 25, 2021, the United States Marshals Service personally served Justin Seifert, Treasurer, Veer Towers Unit Owners Association, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 14, 22-34.

On October 25, 2021, the United States Marshals Service personally served Richard Chang, President, Veer Towers Unit Owners Association, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 15, 22-34.

On October 25, 2021, the United States Marshals Service personally served Debbie Conway, Clark County Recorder, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 16, 22-34.

On October 25, 2021, the United States Marshals Service personally served Briana Johnson, Clark County Assessor, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 17, 22-34.

On October 25, 2021, the United States Marshals Service personally served Lynn Goya, Clark County Clerk, Commission Division, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 18, 22-34.

On October 25, 2021, the United States Marshals Service personally served Lynn Goya, Clark County Clerk, Clark County Water Reclamation Dist., Commission Division, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 19, 22-34.

On October 25, 2021, the United States Marshals Service personally served Lynn Goya, Clark County Clerk, Clark County Board of Commissioners, Commission Division, with copies of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 52-1, p. 20, 22-34.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

/ / /

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. $257,089.54;
2. $799.22;
3. a 2021 BMW M850i xDrive Gran Coupe, white in color, with VIN WBAGV8C07MCF00249, bearing Nevada license plate 653M21;
4. real property located at 3726 South Las Vegas Boulevard, Unit 509, Las Vegas, Nevada; and

MORE PARTICULARLY DESCRIBED AS:

PARCEL 1:

UNIT 509 IN BUILDING WEST IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

PARCEL 2:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THERETO), AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

PARCEL 3:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS 1 AND 2 IN THE DECLARATION AND AS SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS

AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION  OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 01, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 07, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579 OF OFFICIAL RECORDS, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-020.

5. real property located at 3726 South Las Vegas Boulevard, Unit 1803, Las Vegas, Clark County, Nevada, APN 162-20-714-153:

MORE PARTICULARLY DESCRIBED AS:

PARCEL I:

UNIT ONE THOUSAND EIGHT HUNDRED THREE (1803) IN BUILDING "W" IN VEER TOWERS, AS SHOWN ON THAT CERTAIN FINAL MAP OF THE VEER TOWERS, A RESORT CONDOMINIUM SUBDIVISION ON FILE IN BOOK 142 OF PLATS, PAGE 42 (THE "MAP") AND AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR VEER TOWERS (THE "DECLARATION"), RECORDED MAY 03, 2010 IN BOOK 20100503 AS INSTRUMENT NO. 0002036, BOTH IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA (THE "OFFICIAL RECORDS").

PARCEL II:

AN ALLOCATED INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS OF VEER TOWERS (INCLUDING ANY ANNEXATIONS THEREOF)AS SHOWN BY THE MAP AND AS SET FORTH IN THE DECLARTION.

/ / /

PARCEL III:

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS, IF ANY, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION AND AD SHOWN AND DELINEATED UPON THE MAP REFFERED TO ABOVE.

PARCEL IV:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND OTHER PURPOSES ALL DESCRIBED IN THE DECLARATION AND IN THAT CERTAIN (A) DECLARTION OF CENTRAL PLANT EASEMENTS, DATED DECEMBER 01, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002884 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF CENTRAL PLANT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 7, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000577 OF OFFICIAL RECORDS; (B) PARKING AND ACCESS AGREEMENT, DATED APRIL 28, 2010 AND RECORDED MAY 3, 2010 IN BOOK 20100503 AS INSTRMENT NO. 0000515 OF OFFICIAL RECORDS; (C) DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002885 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF SUPPORT AND ENCROACHMENT EASEMENTS, DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000578 OF OFFICIAL RECORDS; AND (D) DECLARATION OF LIFE SAFETY SYSTEMS EASEMENTS, DATED DECEMBER 1, 2009 AND RECORDED DECEMBER 1, 2009 IN BOOK 20091201 AS INSTRUMENT NO. 0002886 OF OFFICIAL RECORDS, AND AS AMENDED BY THAT CERTAIN FIRST AMENDMENT TO DECLARATION OF LIFE SAFETY SYSTEM EASEMENTS DATED JANUARY 7, 2010 AND RECORDED JANUARY 07, 2010 IN BOOK 20100107 AS INSTRUMENT NO. 0000579, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 162-20-714-153.

(all of which constitutes property); and

that the United States recover from Jorge Abramovs the in personam criminal forfeiture money judgments of $1,986,737.46 and $403,906.29, the collected money judgment amount is not to exceed $1,986,737.46, and that the property will be applied toward the payment of the money judgments; and

the forfeiture of the money judgment and the property is imposed pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. §

7

981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. § 982(a)(2)(A); 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED __November 18__, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE